UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Astronics Electronic Systems Corp.,<br><br>     Petitioner,<br><br> v.<br><br>MAGicALL, Inc.,<br><br>     Respondent. | No. _____<br><br>AES's PETITION AND MOTION TO CONFIRM ARBITRATION AWARD<br><br>NOTE ON MOTION CALENDAR: June 10, 2022[1] |

  Petitioner Astronics Advanced Electronic Systems Corp. ("AES") submits this Petition and Motion to Confirm Arbitration Award against Respondent MAGicALL, Inc. ("MAGicALL"), stating as follows:

## I. PRELIMINARY STATEMENT

  1. AES seeks an order from this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, confirming the JAMS Amended Final Arbitration Award issued and signed by the Honorable Kathleen Learned (ret.), Arbitrator, on May 19, 2022 and served on the parties on May 20, 2022 (the "Award"), and entry of judgment thereon pursuant to 9 U.S.C. § 13. *See* Declaration of James Bicks ("Bicks Decl."), Ex. A (Award). The arbitration proceeding, described in further detail below, arises from MAGicALL's breach of the Parties' Master Purchase Agreement ("MPA"), pursuant to which MAGicALL serves as a supplier to AES with

---

[1] Given that a motion to confirm an arbitration award is not specifically listed in LCR 7(d)(1), 7(d)(2), or 7(d)(3), AES notes this motion for consideration on the third Friday after filing and serving it pursuant to LCR 7(d)(3).

PETITION TO CONFIRM ARBITRATION AWARD - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

respect to a Starter Generator Unit (the "1424 SGU"). *See id.*, Ex. B (MPA). AES, in turn, sells the 1424 SGU to its customers as part of a complete Induction Starter Generator System for use on certain aircraft. AES alleged—and the Arbitrator concluded—that MAGicALL breached the MPA by failing to obtain Federal Aviation Administration ("FAA") Repair Station Certification to repair and overhaul the 1424 SGU as required by the MPA. Pursuant to the Award, MAGicALL's breach entitles AES to terminate the MPA and require monetary damages, requires MAGicALL to relinquish to AES documents/technical information concerning the 1424 SGU, and requires MAGicALL to fully cooperate in the transition process.

2. As of the time of this filing, MAGicALL has not complied with the Award nor indicated that it will do so. Indeed, counsel for MAGicALL has stated that MAGicALL will not comply with the Award until all possible "appeals," including a purported appeal to the United States Supreme Court, have been exhausted. *See* Bicks Decl. at ¶ 21.

## II. THE PARTIES

3. AES is an industry-leading manufacturer of aircraft electrical systems incorporated in and with its principal place of business in Washington.

4. MAGicALL is a manufacturer of components used in electric-power generation equipment incorporated in and with its principal place of business in California.

## III. JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this petition under 28 U.S.C. § 1332(a)(1) because AES and MAGicALL are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Additionally, this Court has subject matter jurisdiction and personal jurisdiction over MAGicALL pursuant to 9 U.S.C. § 9, because the Award giving rise to this Petition was

PETITION TO CONFIRM ARBITRATION AWARD - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

issued in Seattle, Washington less than one year before this Petition is being filed, and notice of this Petition is being served upon MAGicALL concurrent with this filing.[2]

7. Venue is proper under 28 U.S.C. § 1391(b)(2) and 9 U.S.C. § 9 because the Award giving rise to this Petition was issued in Seattle, Washington.

### IV. FACTS

8. On March 31, 2021, AES filed a Demand for Arbitration and Statement of Claim (the "Statement of Claim") with JAMS. *See* Bicks Decl., Ex. D (Demand for Arbitration and Statement of Claim). The JAMS proceeding initiated by AES was captioned *Astronics Advanced Electronic Systems Corp. v. MAGicALL, Inc.*, JAMS Ref. No. 1160024276.

9. The Statement of Claim alleged that MAGicALL breached the MPA by failing to obtain FAA Repair Station Certification to repair and overhaul the 1424 SGU. Bicks Decl., Exhibit D at ¶¶ 1–5.

10. AES asserted claims for breach of contract against MAGicALL seeking declaratory relief, specific performance, and monetary damages. *Id.* ¶¶ 30-48.

11. On April 7, 2021, MAGicALL filed a Response to AES's Statement of Claim and Counterclaims. *See* Bicks. Decl., Ex. E (MAGicALL's Response and Counterclaims). In its Counterclaims, MAGicALL contended that AES breached the MPA by developing a derivative Starter Generator Unit. *Id.* at 12-14

12. On May 7, 2021, JAMS duly appointed Hon. J. Kathleen Learned (Ret.) ("Arbitrator") to preside over the arbitration. *See* Bicks Decl., Ex. F (Appointment of Arbitrator).

13. The parties agreed, and the Arbitrator concluded, that both sides' claims were subject to binding arbitration pursuant to the MPA. Bicks Decl., Ex. G (Report of Preliminary Hearing and Scheduling Order No. 1) at ¶¶ 4–5; Ex. B (MPA) at 12.

---

[2] Counsel for MAGicALL has agreed in writing to accept service of process for this proceeding and is being served with AES's motion papers concurrent with its filing. *See* Bicks Decl., Ex. C.

PETITION TO CONFIRM ARBITRATION AWARD - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

14. After approximately eight (8) months of proceedings (including fact discovery, expert discovery, resolution of discovery and expert-related disputes, and pre-hearing briefing), the Arbitrator presided over a three-day arbitration hearing held on January 18–20, 2022. James Bicks, David Norman-Schiff, and John Foley of Wiggin and Dana LLP represented AES at the hearing. AES's Vice President of Operations David Rhoden also attended the hearing. Benjamin Hodges, Kelly Mennemeier, and Audrey Chambers of Foster Garvey P.C. represented MAGicALL at the hearing. MAGicALL's co-owners Joel Wacknov and Dan Qin also attended the hearing.

15. Following the hearing, on February 10, 2022, the Parties submitted fulsome post-hearing briefs.

16. On March 8, 2022, the Arbitrator issued an Interim Award in AES' favor holding that: (1) AES is entitled to terminate the MPA; (2) MAGicALL is required to "relinquish to AES all documents that MAGicALL has produced or acquired in connection with the 1424 SGU, including but not limited to technical information such as design drawings, parts list, and the draft repair station manual—all of which AES owns under the MPA"; (3) the parties must "negotiate a date/quantity for a 'last buy' by AES of 1424 SGUs from MAGicALL"; and (4) MAGicALL is required to "cooperate fully to achieve as smooth a transition as possible." Bicks Decl., Ex. H (Interim Award). The turnover of technical information and other documents (as ordered in the Interim Award) is consistent with the language of the MPA. *See id.*; Bicks Decl., Ex. B (MPA) § 2.14. The turnover serves to remedy MAGicALL's breach of contract in that it enables (1) transfer of 1424 SGU manufacturing from MAGicALL to a new supplier and (2) FAA Certification for repair/overhaul of the 1424 SGU. At the same time, the "last buy" and "cooperat[ion]" provisions (which are also consistent with the language of the MPA) ensure that—until the transfer process is completed—there will be an ongoing supply of 1424 SGUs to AES's customers. The Interim Award also provides that AES is entitled to monetary damages of $85,663 as well as arbitration costs and fees. Bicks Decl., Ex. H (Interim Award).

PETITION TO CONFIRM ARBITRATION AWARD - 4

17. The Arbitrator rejected MAGicALL's counterclaims in their entirety, concluding that AES did not breach the MPA. *Id.*

18. On March 21, 2022, MAGicALL filed a Post Hearing Motion (the "Motion"). *See* Bicks Decl., Ex. I (MAGicALL's Post Hearing Motion). The Motion requested that the Arbitrator modify the portions of the Interim Award ordering: (1) MAGicALL to produce technical information and other documents concerning the 1424 SGU; and (2) the parties to negotiate a "last buy." MAGicALL contended that this relief exceeded the remedies allowed under the terms of the MPA. *See id.* at 6–11. MAGicALL further requested that the Arbitrator re-open the hearing on the grounds that AES did not produce e-mails of Dr. John Bangura, one of the AES fact witnesses that testified at the arbitration hearing.

19. The Arbitrator granted AES leave to submit an opposition and AES subsequently filed its Opposition to MAGicALL's Post Hearing Motion ("Opposition") on March 31, 2022. *See* Bicks Decl., Ex. J (Opposition).

20. AES explained that the MPA fully supported the production of technical information and the negotiation of a "last buy," and that MAGicALL's complaint about production of Dr. Bangura's emails was untimely and irrelevant.

21. The Arbitrator permitted MAGicALL to file a reply brief, which MAGicALL filed on April 7, 2022. *See* Bicks Decl., Ex. K (MAGicALL's Reply Brief in Support of its Post-Hearing Motion).

22. After reviewing the parties' submissions, the Arbitrator issued an order on April 14, 2022, requiring that MAGicALL submit an affidavit with "a specific list of all documents, information, in whatever form, that it both deems are excluded from necessary turn over to AES by the contract language 'work instructions, manufacturing plans, etc. proprietary to Seller…' AND that they also assert is not necessary to produce the SGU at another producer, keeping in mind the requirement for 100% qualify control (i.e. so as not to leave AES in the position of only being able to acquire a potentially inferior 'knock off' SGU)." *See* Bicks Decl., Ex. L (April 14, 2022 E-mail from Arbitrator Learned to Parties). The Arbitrator further

PETITION TO CONFIRM ARBITRATION AWARD - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

ordered that "AES shall respond by affidavit to MAGicALL's list specifying why they disagree, if they do." *Id*.

23. On April 29, 2022, MAGicALL filed the Declaration of Dan Qin. *See* Bicks Decl., Ex. M (Declaration of D. Qin). Qin's one-page declaration included a spreadsheet attachment (which was amended on May 1, 2022) that identified documents which purportedly contained all information related to the 1424 SGU in MAGicALL's possession. *See* Bicks Decl., Ex. N (Amended Spreadsheet Attachment to Declaration of D. Qin). Qin believed that only some of the documents identified were needed for AES to produce 1424 SGUs at another supplier. *See* Bicks. Decl. Exs. M and N.

24. On May 4, 2022, AES filed the Declaration of AES's Vice President of Operations David Rhoden. *See* Bicks Decl., Ex. O (Declaration of D. Rhoden). Rhoden's Declaration explained, in detail, the precise categories of information necessary for AES to produce 1424 SGUs at another supplier and to obtain FAA certification to repair/overhaul the units that are sold. Rhoden's Declaration also detailed why the documents and information identified in the Attachment to Qin's Declaration were, in some cases, incomplete or inadequate for the purpose of producing 1424 SGUs at another supplier and obtaining FAA certification to repair/overhaul units.

25. On May 13, 2022, JAMS served on the parties the Arbitrator's Decision on MAGicALL's Motion ("Decision") (which was signed by the Arbitrator on May 9, 2022), denying MAGicALL's Motion and requests in their entirety. *See* Bicks Decl., Ex. P (Decision). The Arbitrator's reasoned 6-page single-spaced Decision discussed in detail the applicable provisions of the MPA as well as the affidavits submitted by Qin and Rhoden. Based on the evidence, the Arbitrator made a factual finding that the documents and information identified in Rhoden's Declaration were necessary for AES to produce and repair 1424 SGUs at another supplier. The Arbitrator also concluded that the documents identified by Rhoden fell within the ambit of the documents required to be turned over pursuant to the MPA. (As discussed further below, due to an unintentional technical error, the Decision listed some—but not all—of the

PETITION TO CONFIRM ARBITRATION AWARD - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

specific items identified in Rhoden's declaration.) The Arbitrator further found that MAGicALL was required to negotiate with AES a "last buy" of 1424 SGUs pursuant to the MPA. MAGicALL's request to re-open the hearing and for further discovery regarding documents and communications related to Dr. John Bangura was denied on both procedural and substantive grounds.

26. Consistent with the Decision, also on May 13, 2022, JAMS served on the parties the Final Award in AES's favor (which was signed by the Arbitrator on May 9, 2022). *See* Bicks Decl., Ex. Q (Final Award). The Final Award incorporated all the relief provided by the Interim Award, and also specified that the information/documents required to be turned over included the same partial list of the information/documents (from Rhoden's Declaration) that was included in the Decision.

27. On May 20, 2022, JAMS served the parties with the Arbitrator's Award (i.e., the Amended Final Award) and Amended Decision (both issued/signed May 19, 2022)—both of which included the *full* list of information/documents identified in Rhoden's Declaration as among those materials required to be turned over. *See* Bicks Decl., Exs. A and R. Both the Award and Amended Decision make clear that the respective documents were "issued because the . . . [A]rbitrator unintentionally omitted a portion of the text she had intended to include which failed due to a technical user error of the copy-and-paste function." See Bicks Decl., Exs. A and R. In other words, the inclusion of only *some* of the documents from Rhoden's Declaration was an oversight; the Arbitrator intended to include *all* the documents from Rhoden's Declaration. The Award and Amended Decision rectified this oversight.

28. The "Award and Remedies" section of the Award provides as follows:

> a) AES is entitled to terminate the MPA;
> b) MAGicALL is to relinquish to AES all documents that MAGicALL has produced or acquired in connection with the 1424 SGU, including but not limited to technical information such as

PETITION TO CONFIRM ARBITRATION AWARD - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

design drawings, parts list, and the draft repair manual, including but not limited to:
1) Detailed 2-D Component and Assembly Drawings (Excel spreadsheet lines 9-59 [all line numbers refer to Qin's amended Excel spreadsheet, which is the attachment to his declaration])
2) Parts List/Bill of Materials (line 64)
3) Schematics and Wiring Diagrams (lines 61-62 and any other schematics and wiring diagrams that are not specifically identified)
4) All Revisions to Design Documents (lines 9-59 list only the most recent version of each drawing – e.g., "REV A," "REV B," etc.)
5) Computer Aided Drafting (CAD) Files of All Parts and Subassemblies (line 66)
6) Drawing Tree (not specifically identified in Excel spreadsheet)
7) List of Suppliers (line 94)
8) List of Custom Tooling at Suppliers (line 91)
9) Testing Documents (testing mentioned in line 72, although the below categories are not specifically identified in the Excel spreadsheet):
   i. Test Fixture Drawings
   ii. Test Procedures
   iii. Test Fixture Software
   iv. Test Equipment List
   v. Run-In Test Procedure
   vi. Test Cable Drawings
   vii. CAD Files of Mechanical Components for Performance Test Setup
10) Quality and Manufacturing Documents:
   i. Work Instructions (lines 68-89)
   ii. Inspection procedures (lines 92, 96-122)
   iii. Drawings for Custom Inspection Gauges or Fixtures (not specifically identified in Excel spreadsheet)
   iv. List of Equipment Model Numbers Used in Manufacturing (not specifically identified in Excel spreadsheet)
11) Information to Support Repair Station Capabilities:
   i. Fielded Hardware Pedigree (not specifically identified in Excel spreadsheet)
   ii. Draft Component Maintenance Manual ("CMM") (i.e., the Repair Manual) (not specifically identified in Excel spreadsheet but this document was

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

                produced to AES's attorneys under an AEO designation)

c) the parties are to negotiate a date/quantity for a "last buy" by AES of 1424 SGUs from MAGicALL; and

d) MAGicALL is to cooperate fully to achieve as smooth a transition as possible.

e) AES is entitled to monetary damages in the amount of $85,663 for excess costs incurred for the replacement of 12 SGU units.

f) Arbitration fees and costs as provided by JAMS Rule 24(f) in the amount of $14,317.35 are awarded to AES.

Bicks Decl., Ex. A at Sec. (C) (p. 9–10).

29. Pursuant to JAMS Comprehensive Arbitration Rules 24 and 25, the Award is a final award that is subject to judicial confirmation and enforcement.

30. The MPA provides that "judgment upon any award rendered by the arbitrator(s) may be entered by any State or Federal Court having jurisdiction thereof." Bicks. Decl., Ex. B (MPA) at 12.

31. The Award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11.

32. Pursuant to 9 U.S.C. § 9, AES brings this action within one year of the issuance of the Award.

33. Notwithstanding the entry of the Award pursuant to the parties' binding arbitration agreement, MAGicALL has not yet complied with the terms of the Award including, among other things, the requirement that it relinquish 1424 SGU-related documents/technical information to AES. MAGicALL's counsel has indicated that MAGicALL does not intend to do so until the award is confirmed and MAGicALL's appeals, including to the United States Supreme Court, are exhausted. *See* Bicks Decl. ¶ 21.

34. MAGicALL's refusal to comply with the Award is already causing and will continue to cause AES serious, irreparable, and ongoing harm. *See* Bicks Decl., Ex. O at ¶¶ 5– 6. During the pendency of MAGicALL's refusal, AES is unable to manufacture, repair, or overhaul 1424 SGUs. *Id.* at ¶¶ 5–6. AES is unable to even begin process of transferring manufacturing of the 1424 SGU from MAGicALL to a new supplier (a process that will take

PETITION TO CONFIRM ARBITRATION AWARD - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

significant time—approximately 12 to 18 months). *Id.* at ¶ 6. Continued delay will leave AES unable to fulfill its contractual obligations to its customer Pilatus (a Swiss airplane manufacturer), who relies on steady supply of 1424 SGUs. *Id.* at ¶ 5. Any disruption to AES's ability to sell 1424 SGUs to Pilatus based on the agreed-to design will be extremely detrimental—potentially fatal—to AES's relationship with this important customer. *Id.* at ¶ 5.

35. Given the delays that have already occurred, and the amount of time it will take to put in place an alternative supply of 1424 SGUs and obtain FAA certifications to do repairs and overhauls, it is imperative that MAGicALL comply with the Award without further delay.

## V.   COUNT ONE
### (Confirmation of Arbitration Award)

36. The Federal Arbitration Act authorizes a party to an arbitration agreement to apply for an order confirming the arbitration award "any time within one year after the award." 9 U.S.C. § 9. "[T]he court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* (emphasis added).

37. MAGicALL has not sought to vacate, modify, or challenge the Award. Therefore, the limited statutory grounds under Federal Arbitration Act Sections 10 and 11 are not present here.

38. The Arbitrator's Award contains a thorough, reasoned, and accurate discussion of the facts and law. The Ninth Circuit, however, has held that the Court should confirm arbitration awards without reexamining the factual and legal reasoning of the Arbitrator because "confirmation is required even in the face of 'erroneous findings of fact or misinterpretations of law' . . . [and even if] the [Arbitrator] may have failed to understand or apply the law." *See, e.g.*, *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) (citations omitted).

39. AES is therefore entitled to prompt confirmation of the Award, along with entry of judgement in conformity with the Award.

PETITION TO CONFIRM ARBITRATION AWARD - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

40. Timely confirmation is crucial under the circumstances here. AES must have an ongoing supply of 1424 SGUs and the ability to repair/overhaul 1424 SGUs that have already been placed in use. *See* Bicks Decl., Ex. O at ¶ 5.

41. The negotiation with MAGicALL of a date/quantity for a "last buy" of 1424 SGUs is critical to assuring ongoing supply. *Id.* at ¶¶ 5–6.

42. Moreover, AES is incurring monetary damages due to MAGicALL's continued lack of compliance. Hundreds of 1424 SGUs are currently in use by Pilatus and are being returned for repair or overhaul on a rolling basis. But AES is still unable to repair or overhaul the 1424 SGU. Accordingly, for every 1424 SGU returned by Pilatus that AES is unable to repair or overhaul, AES must replace the returned unit with a brand-new unit at approximately three times the cost of a repair or overhaul. AES cannot start repairing or overhauling 1424 SGUs until it obtains FAA Certification, and AES cannot obtain such certification until MAGicALL relinquishes documents and technical information related to the 1424 SGU as specified in the Award.

## VI.    PRAYER

AES respectfully requests that this Court:

1. Issue an Order pursuant to 9 U.S.C. § 9 confirming the Award, attached as Exhibit A to the Bicks Declaration, signed/issued by the Arbitrator on May 19, 2022 and served on the parties on May 20, 2022;

2. Enter Judgment in favor of AES against MAGicALL;

3. Grant an award of reasonable costs and attorneys' fees incurred by AES in connection with confirming the Award pursuant to RCW 7.04A.250(2) & (3);

4. Grant the requested relief expeditiously so as to avoid further damage and irreparable harm to AES due to MAGicALL's breaches of the MPA and refusals to promptly comply with the Award; and

4. Grant such other and further relief as the Court deems just and proper.

PETITION TO CONFIRM ARBITRATION AWARD - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Respectfully submitted this 26th day of May, 2022.

By s/ *John A. Goldmark*
John A. Goldmark, WSBA #40980
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Tel:  206.757.8068; Fax:  206.757.7068
Email:  johngoldmark@dwt.com

s/ *James H. Bicks*
James H. Bicks *(pro hac vice pending)*
WIGGIN AND DANA LLP
281 Tresser Boulevard
Two Stamford Plaza
Stamford, CT 06901
Tel: 203.363.7622; Fax: 203.363.7676
Email: jbicks@wiggin.com

s/ *David Norman-Schiff*
David Norman-Schiff *(pro hac vice pending)*
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
Tel: 203.498.4360; Fax: 203.498.2889
Email: dnorman-schiff@wiggin.com

*Counsel for AES*

PETITION TO CONFIRM ARBITRATION AWARD - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax