UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASTRONICS ELECTRONIC SYSTEMS CORP., <br><br> Petitioner, <br><br> v. <br><br> MAGICALL, INC., <br><br> Respondent. | C22-0729 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Motion for Order Staying Enforcement of Judgment and Waiver of Supersedeas Bond Pending Appeal, docket no. 20, filed by respondent MAGicALL, Inc. ("MAGicALL") is GRANTED in part and DENIED in part, as follows:

  a. MAGicALL's unopposed request to stay the monetary portion of the judgment is GRANTED, and the Court STAYS enforcement of this portion of the judgment pending the outcome of the Ninth Circuit appeal. No bond will be required at this time.

  b. MAGicALL's request to stay the injunctive portion of the judgment is DENIED. In ruling on a motion to stay pending appeal, the Court must consider (i) whether MAGicALL is likely to succeed on the merits, (ii) whether it will be irreparably injured absent a stay, (iii) whether issuance of a stay will substantially injure the other party interested in the proceeding, and (iv) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). In the Ninth Circuit, courts employ a "sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Golden Gate Rest. Ass'n v. San Francisco*, 512 F.3d 1112, 1116 (9th

MINUTE ORDER - 1

Cir. 2008).  At one end of the scale, the moving party must show "both a probability of success on the merits and the possibility of irreparable injury." *Id.* at 1115.  On the other end, the moving party "must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.* at 1116.  MAGicALL's motion focuses on the latter but it has not demonstrated that its appeal presents a serious legal question and that the balance of equities tips *sharply* in its favor.  MAGicALL contends that it will suffer irreparable harm if it is required to provide Astronics Electronic Systems Corp. ("AES") with certain documents and information concerning manufacturing, assembly, and inspection processes because it believes that AES will exploit the information to undercut MAGicALL's competitive advantage.  The issuance of a stay, however, will substantially injure AES by preventing it from obtaining Repair Station Certification.  Rhoden Decl. at ¶ 5 (docket no. 26).  Without this certification, AES must replace starter generator units in need of repair with brand new units.  *Id.* at ¶¶ 13 & 14.

  (2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

  Dated this 29th day of August, 2022.

             Ravi Subramanian
             Clerk

             s/Gail Glass
             Deputy Clerk